IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Richard Dutton, | ) | C/A No. 0:11-1014-TLW-PJG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| John Owens, *Warden*,[1] | ) | |
| Respondent. | ) | |

The petitioner, Richard Dutton ("Dutton"), a self-represented federal prisoner currently housed at FCI Edgefield, a facility of the federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion to dismiss, or in the alternative, for summary judgment. (ECF No. 16.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) Dutton filed a response. (ECF No. 20.) Having reviewed the parties' submissions and the applicable law, the court finds that the respondent's motion should be granted.

**DISCUSSION**

Dutton filed this Petition alleging that the respondent has miscalculated his custody classification score based on an alleged misinterpretation of BOP Program Statement § 5100.08. As

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current Warden of FCI Edgefield, Kenny Atkinson, is substituted for Respondent John Owens.

Page 1 of 4



noted by the respondent, pursuant to 18 U.S.C. § 4081, BOP has a classification procedure which is partially used to determine where a prisoner should be housed. In this case, the respondent has assigned Dutton a "severity of current offense" score of seven, and Dutton appears to argue that he should have a score of three.

The respondent argues that he is entitled to dismissal, or in the alternative, summary judgment because (1) Dutton has failed to raise a cognizable § 2241 claim—*i.e.*, Dutton is not challenging the execution of his sentence or the lawfulness of his confinement; rather, he is challenging the conditions of his confinement; and (2) Dutton has failed to state a claim for which relief can be granted.

Regardless of whether Dutton's claim is properly raised pursuant to 28 U.S.C. § 2241 or as a Bivens[2] claim, the court agrees with the respondent that Dutton has failed to state a claim for which relief can be granted. A federal or state prisoner does not have a constitutional right to any particular custody or security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that federal prisoners have no constitutionally protected interest in prison classifications or rehabilitative programs). Moreover, prisoners do not have a liberty interest in retaining or receiving any particular security or custody status. See Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is generally applicable in Bivens actions. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).

*PJG*

sentence imposed . . . and is not otherwise violative of the Constitution.' ") (alterations in original) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)); Posey v. Dewalt, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999) ("Put simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP or in being confined in a particular institution."); Unger v. Crabtree, 98 F.3d 1347 (9th Cir. 1996) (Table) ("Because federal prisoners have no protected liberty interest in their custody classification levels, [Petitioner's] numerous challenges to his classification level are unavailing in this forum."); but see Wilkinson v. Austin, 545 U.S. 209 (2005) (finding that inmates did have a liberty interest in avoiding assignment to a state's "supermax" prison because the onerous conditions when considered together imposed an atypical and significant hardship within the correctional context). Under the circumstances presented here, Dutton has failed to state a claim entitling him to habeas relief; further, he has failed to state a claim of constitutional magnitude regarding his security or custody classification.

## RECOMMENDATION

Based on the foregoing, the court recommends that the respondent's motion (ECF No. 16) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 5, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).